# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI CHI LOCCI, | 1:12-cv-199 LJO GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND |
| v. | |
| | (Doc. 2) |
| SARA SANDRICK; KFSN-TV FRESNO, an ABC Affiliate; and JOHN DOE, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, Chi Chi Locci, ("Plaintiff"), appearing pro se and in forma pauperis, filed the instant civil rights complaint on February 1, 2012. Plaintiff has named 30 KFSN-TV Fresno, local television station ("KFSN" or "the station"), Sara Sandrick, a news anchor at the station, and a cameraman identified as John Doe in this action (collectively, "Defendants"). The Court has screened the complaint and recommends that the complaint be dismissed without leave to amend.

1

# DISCUSSION

A.      Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

///

B.      Plaintiff's Allegations

Plaintiff is a prisoner at Central California Woman's Facility.  She alleges that on January 14, 2010, Defendant Sara Sandrick, a news anchor with KFSN, and John Doe, a cameraman at the studio, singled Plaintiff and her daughter out for a televised interview.  During the interview, Plaintiff contends Defendants disclosed private information about Plaintiff's conviction thereby placing Plaintiff and her daughter in danger.  As a result, Plaintiff has been the subject of numerous physical attacks by other inmates and personnel at the facility, and her daughter's safety is in jeopardy.  Plaintiff alleges a cause of action pursuant to 42 U.S.C. § 1983 based on violations of the First, Fourth, Fifth, and Eighth Amendments of the United States Constitution, and a state law claim for negligence.  Plaintiff is seeking $510,000.00 in monetary damages, and other just relief.

C.      Analysis

Based on the above facts, Plaintiff cannot establish that federal jurisdiction is proper. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorizes them to adjudicate which are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 <u>and</u> is between citizens of <u>different</u> states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and 1332; <u>See also</u>, <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994); <u>Finley v. United States</u>, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  As discussed below, Plaintiff has failed to establish that federal jurisdiction exists.  The United States is not a party in this action and no federal question is presented.  Similarly, the complaint does not allege that the parties are citizens of different states.

   1.      *Federal Question*

Plaintiff's complaint alleges a violation of 42 U.S.C. § 1983 which would confer jurisdiction based on a federal question.  However, an examination of the facts reveals she is unable to state a claim under this statute.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

Here, Plaintiff alleges that a news anchor, a cameraman and a local news station were acting under color of state law when they allegedly violated her constitutional rights. However, none of these Defendants are employed by the state and therefore, they cannot act under color of state law. Accordingly, Plaintiff is unable to state a cognizable federal claim under 42 U.S.C. § 1983.[1]

### 2. *Diversity Jurisdiction*

Similarly, Plaintiff is unable to establish diversity jurisdiction. As previously noted, diversity jurisdiction exists when a case is brought against citizens of different states and the amount in controversy exceeds $75,000.00. See, 28 U.S.C. § 1332. In this case, Plaintiff is a citizen of California and the news station and all of its employees are also citizens of California. Therefore, diversity jurisdiction does not exist.

### **RECOMMENDATIONS**

For the reasons set forth above, the Court finds that Plaintiff would be unable to state a cognizable claim even if leave to amend were given. Accordingly, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for lack of federal jurisdiction.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

---

[1] Plaintiff is advised that California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983. Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993); Abreu v. Ramirez, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The statute of limitations for personal injury actions in California is two years. Cal. Civ. Proc. §335.1. Although this case is not dismissed based on the expiration of the statute of limitations, Plaintiff is advised that because the alleged misconduct occurred on January 14, 2010, her claims may also be time barred.

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


<u>IT IS SO ORDERED.</u>

**Dated:      February 23, 2012                    /s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE